﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190826-28147
DATE: July 31, 2020

ORDER

Entitlement to service connection for obstructive sleep apnea is denied.

FINDING OF FACT

The Veteran’s obstructive sleep apnea did not have its onset in service and is not otherwise related to service.

CONCLUSION OF LAW

The criteria to establish service connection for obstructive sleep apnea have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1961 to December 1964.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO), which denied the Veteran service connection for obstructive sleep apnea. The Board notes that the rating decision on appeal was issued in May 2019 and, thus, the modernized review system is applicable. 38 C.F.R. § 3.2400(a)(1).

In his August 2019 Decision Review Request, the Veteran requested the hearing request lane. However, the Veteran subsequently withdrew his request for a hearing and moved for an additional 90-days to submit additional evidence. See March 2020 correspondence. In April 2020, the Veteran’s motion was granted, and the Veteran had until June 2020 to submit evidence. See April 2020 BVA letter. The Board will therefore consider the evidence of record at the time of the May 2019 rating decision by Agency of Original Jurisdiction (AOJ) and any evidence submitted within the period granted to the Veteran in April 2020.

The Veteran has a separate appeal pending before the Board. The Veteran’s claim for a total disability rating for compensation due to service-connected disabilities (TDIU) will be the subject of a later Board decision.

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). To establish a right to compensation for a present disability, a veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Entitlement to service connection for obstructive sleep apnea

The Veteran contends that his obstructive sleep apnea had its onset in service. See April 2019 VA Form 21-526EZ.

The Board has carefully reviewed the evidence of record and finds that the preponderance of the evidence is against the claim of service connection for obstructive sleep apnea. Specifically, the Board finds that the preponderance of the evidence is against a finding that the Veteran’s obstructive sleep apnea had its onset in service or is otherwise related to service. The reasons follow.

As to evidence of a current disability, a May 2017 private medical record shows that the Veteran was diagnosed with obstructive sleep apnea. Therefore, the Veteran meets the first element of a service-connection claim.

As to evidence of an in-service disease or injury, the service treatment records do not show that the Veteran was diagnosed with obstructive sleep apnea during service or complained of any symptoms indicative of obstructive sleep apnea therein. Indeed, upon clinical evaluation during the Veteran’s separation examination, the Veteran did not present with any abnormalities related to his ability to sleep or remain asleep. In a 1966 Report of Medical History, while the Veteran was in the Reserves, the Veteran reported he did not have frequent trouble sleeping. Upon a 1966 clinical examination, he did not present with any abnormalities related to sleeping. This tends to show he did not have obstructive sleep apnea or symptoms indicative thereof in service or shortly thereafter.

Moreover, VA treatment records, inclusive of treatment when he first presented in August 2015, show no complaints of obstructive sleep apnea or symptoms indicative thereof at any point. See VA treatment records received in September 2018 and September 2019. Similarly, private medical records do not show treatment for or consistent complaints of obstructive sleep apnea until his diagnosis in May 2017. See ex. April 2015, September 2018, and September 2019 private medical records. 

The Board notes that in a December 2012 entry, the Veteran reported not sleeping well at times. See April 2015 private medical records. However, the entry one week prior and all entries after his isolated complaint until May 2017 show no complaints regarding the Veteran’s sleep. Id. This tends to show that the Veteran’s obstructive sleep apnea did not have its onset in service.

Further, in a January 1995 psychiatric VA examination, the Veteran explained that he occasionally has trouble sleeping that he associates with “working midnights.” See January 1995 VA examination report. This statement, having the greatest value in support of the Veteran’s claim despite evidence thereafter showing no complaints of symptoms, shows that the earliest onset in the record of the Veteran’s obstructive sleep apnea is over 30 years after his separation. Notably, however, the Veteran did not attribute his occasional trouble sleeping with service.

While the Veteran is competent to report symptoms that he has experienced in service and since service, he is not competent to diagnose or directly link any current disability to service or a service-connected disability, as medical expertise is required. In this regard, a diagnosis of sleep apnea involves a medical subject concerning an internal physical process extending beyond an immediately observable cause-and-effect relationship. As such, the question of whether the Veteran’s obstructive sleep apnea had its onset in service in this case may not be competently addressed by lay evidence, and the Veteran’s own opinion is nonprobative evidence. The Board notes that the Veteran has not contended any symptoms attributable to obstructive sleep apnea while in service, nor are there any complaints of symptoms indicative of obstructive sleep apnea in the service treatment records.

Thus, the Veteran does not meet the second element of a service-connection claim.

Additionally, there is no competent evidence of a nexus between the post-service diagnosis of sleep apnea and the Veteran’s service.

VA has not provided the Veteran with an examination or opinion in connection with the claim for service connection for obstructive sleep apnea. VA must provide a medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, (2) evidence establishing that an event, injury, or disease occurred in service, or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran’s service, but (4) there is insufficient competent medical evidence on file for the Secretary to make a decision on the claim. McLendon v. Nicholson, 20 Vet. App. 79 (2006). In this case, the evidence does not show that an event, injury, or disease occurred in service nor is there evidence that the disability may be related to service. For a VA examination to be warranted, all the McLendon criteria have to be met, and at least one of the criteria is not met. Therefore, entitlement to a VA examination or opinion is not warranted for this service-connection claim.

The Board has considered the applicability of the benefit-of-the-doubt doctrine. However, it is not applicable where, as here, there is not an approximate balance of positive and negative evidence. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Accordingly, the claim for service connection for obstructive sleep apnea is denied.

 

 

A. P. SIMPSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Strickland

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.